UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WILLIAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>BRUCE GAGE, et al.,<br><br>              Defendants. | CASE NO. C14-453 MJP<br><br>ORDER ON REPORT AND RECOMMENDATION AND MOTIONS FOR PRELIMINARY INJUNCTION, APPOINTMENT OF COUNSEL AND TO COMPEL PRODUCTION |

The Court, having received and reviewed:

1. Plaintiff's Motion for Preliminary Injunction, Production of Documents and Appointment of Counsel (Dkt. No. 23); Motion for Permission to File a Second Motion for Counsel and for Preliminary Injunction (Dkt. No. 29); Motion for Extension of Time (Dkt. No. 33); and Objections to Report and Recommendation (Dkt. No. 35);

2. Defendants' Response to Plaintiff's Motions for a Preliminary Injunction and Appointment of Counsel (Dkt. No. 25); Response to Motion for Permission to File a

1      Second Motion (Dkt. No. 34); and Response to Objections to Report and

2      Recommendation (Dkt. No. 37);

3      3.   Report and Recommendation (Dkt. No. 28);

4  and all attached declarations and exhibits, makes the following ruling:

5      IT IS ORDERED the Report and Recommendation is ADOPTED.

6      IT IS FURTHER ORDERED that Plaintiff's motions for preliminary

7  injunction/temporary restraining order, appointment of counsel and production of documents are

8  DENIED.

9      IT IS FURTHER ORDERED that the motions for permission to file a second motion and

10  for an extension of time are STRICKEN as unnecessary.

**Discussion**

12      Plaintiff is a *pro se* prisoner litigant who has initiated a civil action alleging that the

13  involuntary administration of antipsychotic medication to him is a violation of Fourteenth

14  Amendment rights.  (Dkt. No. 9.)  He has filed requests for a preliminary injunction to enjoin the

15  Department of Corrections (DOC) from medicating him,[1] for the appointment of counsel and to

16  compel the production of documents.

17      *Preliminary injunction*

18      Plaintiff's request for injunctive relief is analyzed under the Winter test.  Plaintiff is

19  entitled to a temporary restraining order or preliminary injunction if he is able to establish "that

20  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] Plaintiff had also originally requested a preliminary injunction ordering the prison law librarian to only make copies of Plaintiff's legal documents in Plaintiff's presence; he withdrew that request in his Objections to the Report and Recommendation (Dkt. No. 35) and it will not be addressed in this order.

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff's motion fails to establish any of these elements.  While he undoubtedly possesses a liberty interest in not being unnecessarily subjected to psychotropic drugs (Washington v. Harper, 494 U.S. 210, 222 (1990)), the state is permitted to medicate an inmate who is, by virtue of mental illness, a danger to himself or others.  Id. at 227.  Because of the Fourteenth Amendment rights at stake, however, the inmate must receive a minimum of due process before being deprived of that liberty interest.  Wilkinson v. Austin, 545 U.S. 209, 229 (2005); Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997).

None of Plaintiff's briefing, including his objections to the Report and Recommendation, contains either argument or proof that his due process rights were violated.  What evidence he does present is confined to general theoretical evidence of harm resulting from the misprescription of psychotropic medication and records of his own treatment going back 15 years or more which he claims establish that he does not suffer from any mental illness.  Neither his theoretical proof nor his medical records establish that the decision to medicate him was made without affording him due process.  The Court must conclude on that basis that Plaintiff has little to no likelihood of succeeding on the merits of his claim.

His argument regarding irreparable injury suffers from a similar deficiency of proof.  The theoretical evidence he has amassed about the dangers of psychotropic medication do not constitute proof that he has been or will be damaged by the medications he is being administered.  He claims to be suffering from some of the deleterious side effects of psychotropic medications (e.g., tardive akethesia; see Objections, Dkt. No. 35 at 4), but offers no documentary or expert proof to that effect.  Indeed, such injuries as he does report are self-inflicted (Id. at 5); similarly,

his "failure to improve" under the medication consists of his admittedly self-directed acting out in an attempt to get the prison authorities to stop medicating him. (Motion, Dkt. No. 23, at 10, 16.) Plaintiff has not demonstrated a likelihood of irreparable injury absent the imposition of injunctive relief.

The Court finds that the balance of equities do not tip in Plaintiff's favor. Prison administration is an onerous and difficult task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions. Turner v. Safley, 482 U.S. 78, 85 (1987). The Court must balance the state's interest in providing inmates with necessary medical treatment and maintaining the safety of prisoners and staff against Plaintiff's interest in not receiving unwanted medication without due process. Washington, 494 U.S. at 225. In the absence of proof of any due process violations, the Court must find that the equities do not favor Plaintiff.

Finally, on the issue of public interest, Plaintiff's failure to submit any evidence that his constitutional rights have been violated means that his request for injunctive relief does not implicate the public's interest in the protection of constitutional rights. The Court is more inclined to accord weight to the public's interest in maintaining the safety of inmates and staff in prisons by means of involuntarily administered antipsychotics.

Plaintiff's motion for injunctive relief does not satisfy the Winters test and the Court adopts the recommendation that the request be DENIED.

*Motion for counsel*

Counsel may be appointed for an indigent civil litigant, not as a matter of right but only under "exceptional circumstances" (Agyeman v. Corrections Corp. Of Am., 390 F.3d 1101, 1103 (9th Cir. 2004)) established by the existence of likelihood of success on the merits and questions

ORDER ON REPORT AND RECOMMENDATION AND
MOTIONS FOR PRELIMINARY INJUNCTION,
APPOINTMENT OF COUNSEL AND TO COMPEL

about the ability of the plaintiff to adequately articulate his or her claims.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  The Court has already addressed the "likelihood of success on the merits" issue, and further finds that Plaintiff has demonstrated an adequate ability "to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.

The Court adopts the Report and Recommendation that this motion likewise be DENIED.

*Motion to compel*

Plaintiff appears to be asking the Court to order Defendants to provide him with copies of his medical records from January 1996 to December 2014.  (Dkt. No. 24 at 3.)  Plaintiff provides no proof, however, that he has made a request for production of documents in accordance with FRCP 26.  Plaintiff's objections to the Report and Recommendation do not even address this issue.  Plaintiff has failed to demonstrate that he has exhausted his procedural rights prior to asking for judicial intervention.  The motion will be DENIED.

**Conclusion**

The Court adopts the Report and Recommendation in every respect: Plaintiff's request for injunctive relief will be DENIED and his motions for appointment of counsel and to compel discovery will likewise be DENIED.  Plaintiff had also made a Motion for Permission to File a Second Motion for Counsel and for Preliminary Injunction (Dkt. No. 29) and a Motion for Extension of time, both of which the Court finds unnecessary and moot; those motions are STRICKEN.

/

/

/

/

ORDER ON REPORT AND RECOMMENDATION AND
MOTIONS FOR PRELIMINARY INJUNCTION,
APPOINTMENT OF COUNSEL AND TO COMPEL
PRODUCTION - PAGE 5

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated November 14, 2014.

*[signature]*

Marsha J. Pechman
Chief United States District Judge