UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>BRUCE GAGE, et al.,<br><br>           Defendants. | CASE NO. C14-453 MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

The above-entitled Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 56)

2. Plaintiff's Objections to Report and Recommendation (Dkt. No. 58)

3. Defendants' Response to Plaintiff's Objections to Report and Recommendation (Dkt. No. 59)

all attached declarations and exhibits and relevant portions of the court record, rules as follows:

IT IS ORDERED that the Report and Recommendation is ADOPTED: the Court GRANTS Defendants' summary judgment motion and DISMISSES Plaintiff's claims with prejudice.

ORDER ON REPORT AND
RECOMMENDATION- 1

1    IT IS FURTHER ORDERED that Plaintiff's motion for an extension of time is DENIED.

**Background**

Plaintiff has been housed in the Special Offender Unit at the Monroe Correctional Complex (MCC-SOU) since June 2, 2011.  (Dkt. No. 39-1, Exhibit 1, Declaration of Polson, ¶ 4, Attachment A.)  He carries a diagnosis of Bipolar I Disorder, severe with psychotic features, a serious psychotic condition.  (Dkt. No. 39-2, Exhibit 2, Declaration of Beck, ¶ 10.)  Plaintiff's § 1983 civil rights complaint covers a two-year course of involuntary administration of antipsychotic medication and alleges that the involuntary administration of the drugs is a violation of his rights under the Fourteenth Amendment. (Dkt. No. 9, Second Amended Complaint.)

The Report and Recommendation (Dkt. No. 56; "R&R") prepared by Magistrate Judge Brian A. Tsuchida of this district lays out in admirably thorough detail both the statutory and regulatory framework within which antipsychotic medications are administered in the Washington prison system (R&R at 2-4) and the history of Involuntary Antipsychotic Hearings ("IAH") which have resulted in a virtually uninterrupted program of involuntary antipsychotic medication of Plaintiff. (R&R at 4-12.)  The Court sees no need to duplicate that narrative in this order.

The R&R concludes by recommending that the summary judgment motion filed by Defendants in this matter be granted and that Plaintiff's claims be dismissed with prejudice. Plaintiff has filed objections to that Recommendation (and requested an extension of time to submit additional evidence) (Dkt. No. 58), and Defendants have responded to those objections and the request for an extension of time.  (Dkt. No. 59.)

**Discussion**

The seminal case in the area of the involuntary antipsychotic medication of inmates is Washington v. Harper (494 U.S. 210 (1990), which held that inmates have a liberty interest in being free from involuntary administration of antipsychotic drugs as a matter of due process. Id. at 222. The state is, however, permitted to administer such medication to an inmate if the inmate is adjudged to represent a danger to himself or others and the administration of the drugs is in the inmate's best interest. Id. at 227. Plaintiff challenges the existence of both of those elements in his complaint.

The State of Washington has enacted an elaborate set of statutes designed to articulate the conditions under which inmates may be adjudged to "gravely disabled" (RCW 70.96A.010(12)) or to present a "likelihood of serious harm" (RCW 70.96A.010(18)(a) and (b)) such that the Department of Corrections ("DOC") may justifiably medicate them involuntarily. *See* DOC Policy 630.540 (Dkt. No. 39-2, Declaration of Beck, Exhibit 2, Attachment A).

Due process must be observed prior to the deprivation of the liberty interest found in Harper, and the courts are charged with evaluating whether due process has been accorded an inmate subjected to involuntary medication. Wilkinson v. Austin, 545 U.S. 209, 229 (2005). The Supreme Court has adjudged that, in this context, due process is accorded an inmate who is notified of the IAH, present at the hearing, and given the right to present and cross-examine witnesses. Harper, 494 U.S. at 235. The DOC procedures at issue here require that an inmate be given all those rights, and additionally (1) the right to have an advisor present, (2) the right to a copy of the hearing summary and minutes of the hearing, and (3) the right to an appeal within a specified period of time. (DOC Policy 630.540.)

1	A review of the extensive record presented here has convinced this Court that these due
2	process rights were scrupulously observed in Plaintiff's case.  In the one instance over the two-
3	year period that the DOC policy was not observed (Plaintiff was not provided with a copy of the
4	decision from his January 16, 2014 hearing within 72 hours), his involuntary medication was
5	halted and a new hearing was scheduled.  (Dkt. No. 39-2, Exhibit 2, Declaration of Beck at
6	¶¶ 15-16; Dkt. No. 39-3, Attachments F and G.)

7	And, indeed, Plaintiff does not challenge Defendants' actions with any allegation that his
8	procedural rights were in any way compromised.  He claims, rather, that his due process rights
9	were violated because the reports furnished at the hearings contained false information, the
10	medication he is being administered is not diminishing his symptoms (in fact, is making him
11	more violent), the side effects of the medication are too severe and his appeals have been
12	wrongfully denied.

13	Plaintiff's claims are either factually deficient or legally insufficient.  His allegation that
14	the IAH reports are filled with falsehoods is unsupported by any admissible evidence (nor does it
15	appear that he was denied the opportunity to challenge these reports at the hearings).  His
16	contention that the medications make him more violent is severely compromised by his
17	admission that many of his outbursts while medicated are intentional, calculated to force the
18	DOC to take him off the medication. (Dkt. No. 23 at 10.).[1]  Defendants do not contest that there
19	are side effects to the medication administered to Plaintiff, but this Court is not prepared to
20	substitute its own judgment for the medical professionals who are personally familiar with
21	Plaintiff's case and trained to evaluate the risks associated with the drugs being prescribed.

---

[1] Plaintiff argues in his objections that Harper holds that "if your behavior is worse while taking [the medications] (regardless of the reasons or how antipsychotics play a role in the worse behavior) you must be taken off antipsychotics." (Objections at 4.)  Plaintiff provides no citation for this claim and the Court finds such language nowhere in the opinion.

Quoting from the R&R:

> An inmate's liberty interests are "adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge." Washington, 494 U.S. at 231. By leaving the decision to medicate in the hands of an inmate's mental health providers, the court is able to avoid "unnecessary intrusion into either medical or correctional judgments." Vitek v. Jones, 445 U.S. 480, 496 (1980). The court gives "deference… to medical professionals who have the fulltime responsibility of caring for mentally ill inmates" because those professionals "possess, as the courts do not, the requisite knowledge and expertise to determine whether [antipsychotics] should be used in an individual case." 494 U.S. at 230 n.12. Because "[t]he risks associated with antipsychotic drugs are for the most part medical ones," the decision to medicate is "best assessed by medical professionals." Washington, 494 U.S. at 233.

(R&R at 14.) In keeping with that admonition, this Court will not substitute its judgment for the medical professionals with first-hand knowledge of Plaintiff's condition and the training and expertise to evaluate the proper course to be taken to protect both Plaintiff and the legitimate safety interests of the institution.

Rather than asserting the violation of any due process rights, Plaintiff is basically challenging the medical opinions of the physicians who are treating him. He has not shown himself to be entitled to relief on that basis. Nor has he established his Eighth Amendment, "cruel and unusual punishment," claim, which would require him to demonstrate that Defendants have been "deliberately indifferent" to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The fact that he disagrees with the Defendants' assessment of his condition and his needs is not proof of deliberate indifference.

It appears from his most recent briefing (i.e., his objections to the R&R) that Plaintiff is seeking more time before a decision is rendered on the pending motion. The evidence of that request can only be found in the title of the motion (which includes the phrase "Motion for Time Extension on Final Deposition [*sic*] of Summary Judgment Motion Until I Can Submit Doctor Beaver's Report as Evidence") and in a letter from his Federal Public Defender (attached as an

ORDER ON REPORT AND
RECOMMENDATION- 5

exhibit to his objections) which discusses the scheduling of an appointment with a neuropsychologist named Dr. Craig Beaver. (Objections, Exhibit 1A.)  This is entirely inadequate grounds for an extension of time under FRCP 56(d), which requires that any such request must clearly indicate the information which is expected to be presented and how such information would defeat summary judgment.  <u>Michelman v. Lincoln Life Ins. Co.</u>, 685 F.3d 8987, 892 (9th Cir. 2012).  Plaintiff has satisfied neither of these requirements and the Court will deny his request for an extension of time.

**Conclusion**

Because Plaintiff has failed to satisfy the requirements of FRCP 56(d), the Court denies his request for an extension of time.

Because Plaintiff has failed to demonstrate, either factually or legally, a denial of his due process rights as a result of the involuntary antipsychotic medication procedures administered by Defendants, Defendants are entitled to summary judgment and a dismissal of all claims with prejudice, and the Court so orders.

The clerk is ordered to provide copies of this order to Plaintiff, to all counsel, and to the Magistrate Judge.

Dated this 6th day of April, 2015.

Marsha J. Pechman
United States District Judge